## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN<br><br>               Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC.<br><br>               Defendant. | Case No: 1:16-mc-01430-RBW |

**DEFENDANT JUDICIAL WATCH, INC.'S**
**MOTION TO DISMISS WRIT OF EXECUTION**
**AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT**

Defendant Judicial Watch, Inc., by undersigned counsel and pursuant to Rules 12, 60 and LCvR 7, hereby moves to dismiss Plaintiff Larry Klayman's ("Klayman") Writ of Execution and submits the following Statement of Points and Authorities in support of the Motion:

### I.      FACTUAL BACKGROUND

On June 11, 2014, the District Court for the Southern District of Florida ("Florida Court") entered a Final Judgment in Klayman's favor in the amount of $181,000 ("Florida Judgment"). [Docket No. 1-1]

Less than two weeks after entry of the Judgment, Klayman's former spouse, Stephanie Ann Luck ("Luck"), faxed Judicial Watch a copy of a Creditor's Bill filed against Klayman in the Cuyahoga County, Ohio, Court of Common Pleas ("Ohio Court"). Exhibit A. Unable to collect from Klayman directly, Luck sought to have Judicial Watch pay the Florida Judgment to her, to partially satisfy a $325,000 judgment entered against Klayman in another Ohio Court case styled as *Luck v. Klayman*, Case No.: CV14-828766. The Creditor's Bill named both Klayman and Judicial Watch as defendants.

Initially, Judicial Watch attempted to satisfy the judgment by making payment into the Florida Court's Registry. However, by Order dated May 8, 2015, the Florida Court directed that the $181,000 be returned to Judicial Watch, noting that multiple interests in the funds entitled Judicial Watch to file an interpleader action, which should not be handled post-judgment in a concluded case. In particular, the Florida Court correctly noted that a dispute over the judgment funds "may involve protracted proceedings and new claims and defenses by a new party having nothing to do with the underlying and long-concluded action." Klayman's appeal of the Florida Court's May 8, 2015, Order was denied.

On July 8, 2016, Klayman initiated a collection action against Judicial Watch in this Court by registering the Florida Judgment and filing a Writ of Execution thereon. [Docket Nos. 1 and 2]

On August 18, 2015, Luck filed a Motion to Reenter Judgment in the Child Support Case, which the Ohio Court granted on September 16, 2015. Exhibit B. The Ohio Court then amended its July 22, 2015, Journal Entry by, in relevant part, enjoining Judicial Watch "from paying any of the $181,000 to Defendant Klayman". Exhibit B.

On August 30, 2016, Judicial Watch moved to interplead the $181,000, which the Ohio Court granted on September 8, 2016. Exhibit C.

On December 5, 2016, the Ohio Court granted Luck's Motion for Summary Judgment, found that Luck's lien was valid, enjoined Judicial Watch from making any payment to Klayman, and enjoined Klayman from receiving any payment on the Florida Judgment as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, THAT (1) PLAINTIFF HAS A VALID LIEN ON KLAYMAN'S JUDGMENT AGAINST JUDICIAL WATCH; (2) JUDICIAL WATCH IS ENJOINED FROM PAYING KLAYMAN

> PURSUANT TO HIS JUDGMENT AGAINST IT UNTIL
> PLAINTIFF'S JUDGMENT AGAINST KLAYMAN IS
> SATISFIED; (3) KLAYMAN IS ENJOINED FROM RECEIVING
> PAYMENT FROM JUDICIAL WATCH PURSUANT TO HIS
> JUDGMENT AGAINST IT UNTIL PLAINTIFF'S JUDGMENT
> AGAINST KLAYMAN IS SATISFIED; AND (4) JUDICIAL
> WATCH SHALL INSTEAD PAY ALL MONEY DUE AND
> OWING TO KLAYMAN PURSUANT TO KLAYMAN'S
> JUDGMENT AGAINST IT, TO PLAINTIFF.

Exhibit D.

On January 27, 2017, Judicial Watch interpleaded the funds with the Ohio Court. Exhibit

E.

On April 4, 2017, the Ohio Court granted Judicial Watch's Motion for Summary

Judgment and dismissed it from the case stating:

> ON 1/27/2017, DEFENDANT JUDICIAL WATCH, INC.,
> INTERPLEADED $181,000 IN FUNDS TO THE CUYAHOGA
> COUNTY CLERK OF COURTS. THIS AMOUNT
> REPRESENTS THE ENTIRETY OF THE MONETARY
> JUDGMENT AWARDED AGAINST IT AND IN FAVOR OF
> LARRY KLAYMAN ON 6/11/2014 IN A LAWSUIT FILED IN
> THE UNITED STATES DISTRICT COURT FOR THE
> SOUTHERN DISTRICT OF FLORIDA.
>
> **THIS COURT FINDS THAT JUDICIAL WATCH, INC. HAS
> INDEED SATISFIED ITS DUTIES WITH RESPECT TO
> THE PAYMENT OF KLAYMAN'S JUDGMENT AGAINST
> JUDICIAL WATCH, AND THERE REMAIN NO VALID
> CLAIMS AGAINST JUDICIAL WATCH**. IT IS THEREFORE
> ORDERED, ADJUDGED, DECREED THAT SUMMARY
> JUDGMENT IS GRANTED IN FAVOR OF DEFENDANT
> JUDICIAL WATCH, INC., AND JUDICIAL WATCH, INC. IS
> HEREBY DISMISSED FROM THIS ACTION.
>
> THERE IS NO JUST CAUSE FOR DELAY.

Exhibit F (emphasis added). Klayman did not appeal this Order. However, Klayman did appeal

to the Court of Appeals of Ohio, Eighth District from the Order granting summary judgment to

Luck. The Brief filed by Klayman omits any reference to the April 4, 2017, Journal Entry that

dismissed Judicial Watch from the Ohio interpleader action. <u>Exhibit G</u>. In addition, Klayman did not include any objection to the April 4, 2017, Journal Entry in a subsequent Notice of Appeal that he filed. <u>Exhibit H</u>.

On October 19, 2017, the Court of Appeals of Ohio, Eighth District, rejected all of Klayman's arguments and affirmed the judgment of the Ohio Court in favor of Luck. <u>Exhibit I</u>. Klayman then petitioned the Supreme Court of Ohio for certiorari, but the appeal was not accepted for review on May 9, 2018. <u>Exhibit J</u> at p. 6.

On May 9, 2018, Klayman filed a Praecipe notifying the Supreme Court of Ohio of his intent to file a Petition for Writ of Certiorari to the U.S. Supreme Court seeking relief on jurisdictional grounds. <u>Exhibit K</u>. Klayman's Petition acknowledges that Judicial Watch "was" a party during the lower proceedings, but does not identify Judicial Watch as a respondent. <u>Exhibit L</u> at p. ii. The dismissal of Judicial Watch from the lower court proceeding was not raised in the appeal or the petition, nor was it objected to in any way.

On October 15, 2018, Klayman's Petition for Writ of Certiorari to the U.S. Supreme Court was denied. <u>Exhibit M</u>. As of October 17, 2018, the Ohio Court classifies the interpleader proceeding as removed from the Court's active docket. <u>Exhibit N</u>.

## II.   <u>STANDARD OF REVIEW</u>

### A.   **Relief from Judgment under Rule 60**

Rule 60(b) of the Federal Rules of Civil Procedure reads, in relevant part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**B.     Doctrine of Res Judicata**

The doctrine of *res judicata* is well known to this Court. "The federal courts have traditionally adhered to the ... doctrine[ ] of res judicata." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Under this doctrine, also known as claim preclusion, "a final judgment on the merits ... precludes relitigation in a subsequent proceeding of all issues arising out of the same cause of action between the same parties or their privies, *whether or not* the issues were raised in the first trial." *Faulkner v. GEICO,* 618 A.2d 181, 183 (D.C.1992) (emphasis added). The cause of action element is "determined by the factual nucleus, not the theory on which a plaintiff relies." *Id.* "If there is a common nucleus of facts, then the actions arise out of the same cause of action." *Id.* To determine whether two actions arise out of the same cause of action, courts are to consider the "nature of the two actions and the facts sought to be proved in each one." *Id.* The doctrine of *res judicata* serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979).

**III.   STATEMENT OF POINTS AND AUTHORITIES**

District courts in which a judgment is registered have the power to determine matters that are germane to registration and enforcement. *Tommills Brokerage Co. v. Thon*, 52 F.R.D. 200, 202. (1971). While a party can still register and/or sue upon a judgment from another jurisdiction, they "can only collect but once of course." *Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union*, 128 F.Supp 697, 699 (1955).

Here, Klayman seeks to avoid payment of Luck's judgment or compel Judicial Watch to pay the Florida Judgment twice. However, Judicial Watch satisfied the Florida Judgment when

the total judgment amount was interpleaded with Ohio Court in the interpleader action on January 27, 2017. Exhibit E. In the April 4, 2017, Journal Entry, the Ohio Court's holding confirms that "Judicial Watch, Inc. has indeed satisfied its duties with respect to the payment of Klayman's Judgment against Judicial Watch…." Exhibit F. Klayman never appealed this final order. He did exhaust all possible appeals and there is no further recourse in Ohio. Therefore, the matter was finally concluded.

A.      **The Florida Judgment is Satisfied**

Faced with multiple claims to the Florida Judgment proceeds, Judicial Watch successfully moved the Ohio Court to permit interpleader of the judgment funds. This remedy allows a party exposed to multiple claims on a single obligation to settle the controversy and satisfy his obligation in one proceeding. *Hat Ranch, Inc. v. Babbitt*, 932 F. Supp. 1, 3 (D.D.C. 1995), *aff'd sub nom. Hat Ranch, Inc. v. United States*, 102 F.3d 1272 (D.C. Cir. 1996); and *Commercial Union Ins. v. United States,* 999 F.2d 581, 583 (D.C.Cir.1993). An interpleader action "'allows a party exposed to multiple claims on a single obligation or property ... to settle the controversy and satisfy his obligation in one proceeding.'" *RLI Ins. Co. v. All Star Transp., Inc.,* 608 F.3d 848, 849 (D.C.Cir.2010) (quoting *Commercial Union Ins. Co.,* 999 F.2d at 583). A few years ago, Judge Howell of this Court explained the remedy as follows:

> Interpleader relief is an equitable remedy designed to achieve an orderly distribution of a limited or finite fund. Where a party in control of contested property, the stakeholder, makes no claim on the property and is willing to release it to the rightful claimant, interpleader allows him to put the money or other property in dispute into the court, withdraw from the proceeding, and leave the claimants to litigate between themselves.

*Metro. Life Ins. Co. v. Blyther*, 964 F. Supp. 2d 61, 67–68 (D.D.C. 2013) (internal quotations and citations omitted). Once the disinterested stakeholder [Judicial Watch] interpleads the funds into

the interpleader action, it is to be discharged with prejudice from any further liability. *Companion Prop. & Cas. Ins. Co. v. Apex Serv., Inc.*, 76 F. Supp. 3d 212, 215 (D.D.C. 2014).

The Florida Judgment was a finite fund to which both Klayman and Luck asserted a claim of right. Judicial Watch made no claim to the funds and was willing to release the money to whomever had the superior right. Upon payment into the Ohio Court registry, Judicial Watch was properly dismissed. Because the Florida Judgment was paid into the interpleader action, the judgment was satisfied, and Judicial Watch is entitled to relief under Rule 60(b). This finding was previously made by the Ohio Court, which clearly stated: "***This Court finds that Judicial Watch, Inc. has indeed satisfied its duties with respect to payment of Klayman's judgment against Judicial Watch, and there remain no valid claims against Judicial Watch***." Exhibit F (emphasis added). The Ohio Court's finding is final and binding on Klayman. Klayman's Writ of Execution, filed in this Court as a collateral attach on the Ohio Court, is improper because the judgment was paid and satisfied on January 27, 2017. Exhibit E; Exhibit F. Therefore, the Writ of Execution should be dismissed and marked paid and satisfied.

**B.      Klayman's Writ of Execution is Barred by *Res Judicata***

Under the doctrine of *res judicata*, a party is prevented from relitigating a claim or issue that was the subject of an earlier lawsuit. "Under the doctrine of *res judicata*, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C.Cir.2009) (internal citations and quotation marks omitted). *Res judicata* not only bars any claim that was finally adjudicated in a prior lawsuit, but it "forecloses all that which might have been litigated

previously." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.*, 723 F.2d 944, 949 (D.C.Cir.1983). When used in this sense, *res judicata* bars Klayman from pursuing a Writ of Execution in this Court based on the Florida Judgment because a final order from the Ohio Court has resolved these issues and claims.

Klayman and Judicial Watch were both parties to the Ohio Court collection action pursuant to Luck's Creditor's Bill. The Ohio Court finally determined that Luck's rights to the Florida Judgment were superior to Klayman's and disbursed the funds to her. As a non-interested stake holder, Judicial Watch was dismissed from the interpleader action upon payment of the Florida Judgment into the Ohio Court's registry. Klayman pursued all available appeals of the Ohio Court's rulings through the Ohio court system and then unsuccessfully pursued a petition for writ of certiorari to the U.S. Supreme Court. At no time during the entire appeal process did Klayman ever contend that Judicial Watch failed to properly not pay the Florida Judgment into the interpleader action. The findings and orders of the Ohio Court are now final and binding on Klayman and Judicial Watch. The Ohio Court's holdings include the express finding that Judicial Watch paid and satisfied the Florida Judgment. <u>Exhibit F</u>. Klayman is now barred by *res judicata* from relitigating that issue in this forum.

This Court should not allow Klayman to pursue any further action on the Writ of Execution. Klayman is attempting to relitigate a central issue that was finally resolved by the Ohio Court – whose rights to the Florida Judgment are superior. Klayman's duplication of proceedings multiplies litigation burdens, increases costs for Judicial Watch and others, and promotes inefficiency. Klayman is attempting to violate the policy against collection of a double recovery for the same Judgment. This is clearly not the intent of 28 U.S.C. § 1963 or Fed. R. Civ. Pro. 69.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Judicial Watch respectfully requests that this Court award the following relief:

1.    GRANT this Motion to Dismiss;

2.    Mark the Writ of Execution as paid and satisfied as of January 27, 2017;

and

3.    For such other relief as the Court deems appropriate.

Dated: November 16, 2018                           Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
300 N. Washington St., Suite 610
Alexandria, Virginia 22314
703.822.5001 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendant Judicial Watch, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November 2018, a copy of the foregoing and all attachments were served by Court's ECF electronic filing system on all counsel listed on the Notice of Electronic Filing.

/s/
_____
Richard W. Driscoll