# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. Action No. 16-1430 (RBW) |
| | ) | |
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## ORDER

Larry Klayman, the plaintiff in this miscellaneous action, registered with this Court,

pursuant to 28 U.S.C. § 1963 (2018),[1] a June 11, 2014 certified judgment entered by the United

States District Court for the Southern District of Florida (the "Florida district court") against the

defendant, Judicial Watch, Inc., in the amount of $181,000.00 (the "Florida district court

judgment").  See Clerk's Certification of a Judgment to be Registered in Another District at 1–2

(July 8, 2016); Final Judgment at 1, Klayman v. Judicial Watch, Inc., Civ. Action No. 13-20610

(S.D. Fla. June 11, 2014).  Thereafter, the plaintiff served writs of execution on the defendant,

see Certificate of Service (July 27, 2016), ECF No. 4, Wells Fargo Bank, see Certificate of

Service (July 27, 2016), ECF No. 5, and Alan Dye, a registered agent of the defendant, see

Certificate of Service (July 27, 2016), ECF No. 3.  Currently pending before the Court is

Defendant Judicial Watch, Inc.'s Motion to Dismiss Writ of Execution and Statement of Points

---

[1] 28 U.S.C. § 1963 provides that "[a] judgment in an action for the recovery of money . . . entered in any . . . district court[] . . . may be registered by filing a certified copy of the judgment in any other district [and], . . . [a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."  28 U.S.C. § 1963.

and Authorities in Support ("Def.'s Mot.").  Upon careful consideration of the parties'

submissions,[2] the Court concludes that it must grant the defendant's motion.

## I.      BACKGROUND

The facts relevant to this Order are as follows.[3]  On June 23, 2014, following the entry of

the Florida district court judgment against the defendant, the plaintiff's ex-wife filed a civil

action "against [the plaintiff and the defendant] in the Cuyahoga County, Ohio[] Court of

Common Pleas [(the "Ohio Court of Common Pleas")]," Def.'s Mot. at 1; see id., Exhibit ("Ex.")

A (Fax Cover Page from Robert B. Weltman to Judicial Watch, Inc. and Creditor's Bill

("Creditor's Bill")) at 2–3, seeking "to have [the defendant] pay the Florida [district court]

[j]udgment to her[] to partially satisfy a $325,000 judgment entered against [the plaintiff]" by the

Cuyahoga County Domestic Relations Court, Def.'s Mot. at 1; see id., Ex. A (Creditor's Bill) at

6 ("[The plaintiff's ex-wife] prays that . . . the funds due on the [Florida district court]

[j]udgment against [the defendant] [] be applied to [the plaintiff's ex-wife's] [j]udgment against

[the plaintiff].").

On February 18, 2015, at the request of the defendant, the Florida district court ordered

"[the] [d]efendant [to] pay [the] $181,000 into the [Florida district court's] registry" because

"there [was] a genuine dispute regarding entitlement to the funds being litigated in the . . . Ohio

[Court of Common Pleas]."  Order at 1, Klayman, Civ. Action No. 13-20610 (Feb. 18, 2015),

ECF No. 178.  Thereafter, on May 8, 2015, the Florida district court vacated its February 18,

2015 Order, denied the plaintiff's motion to withdraw the $181,000 from the Florida district

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"); and (2) the defendant's Reply Memorandum in Support of Motion to Dismiss ("Def.'s Reply").

[3] In deciding the defendant's motion to dismiss, the Court takes judicial notice of several documents filed in Ohio state courts and the Florida district court.  See Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005) (taking judicial notice of public records from other court proceedings).

court's registry, and ordered "[t]he Clerk of the Court [to] re-disburse the funds to [the]

[d]efendant" because "the question of who should receive the funds . . . and in what amounts

may involve protracted proceedings and new claims and defenses by a new party having nothing

to do with the underlying and long-concluded action [before the Florida district court]."  Order at

1, <u>Klayman</u>, Civ. Action No. 13-20610 (May 8, 2015), ECF No. 189.  However, the Florida

district court noted that, "[i]f appropriate, [the] [d]efendant may initiate a separate interpleader

action" to resolve the issue of ownership over the disputed funds.  <u>Id.</u>  The plaintiff appealed the

Florida district court's decision denying his motion to withdraw the $181,000 to the United

States Court of Appeals for the Eleventh Circuit.  <u>See</u> Notice of Appeal, <u>Klayman</u>, Civ. Action

No. 13-20610 (May 12, 2015), ECF No. 190.  On May 27, 2016, the Eleventh Circuit

"affirm[ed] the denial of [the plaintiff's] motion to withdraw" the funds.  <u>Klayman v. Judicial</u>

<u>Watch, Inc.</u>, 650 F. App'x 741, 744 (11th Cir. 2016).

    While the plaintiff's appeal to the Eleventh Circuit was pending, the Ohio Court of

Common Pleas "enjoin[ed] [the] [d]efendant . . . from paying any of the $181,000 to [the

plaintiff]."  Def.'s Mot., Ex. B (Journal Entry, <u>Luck v. Klayman</u>, Civ. Action No. 14-828766

(Ohio Ct. Common Pl. Sept. 16, 2015) ("Sept. 16, 2015 Ohio Court of Common Pleas Order"))

at 1 (capitalization removed).  The Ohio Court of Common Pleas recognized that it was "without

authority to order a federal district court to pay funds deposited therein to [the] plaintiff['s] [ex-

wife]" and that "the status of the $181,000 [wa]s currently in flux, as [the plaintiff] ha[d]

appealed [the Florida district] court's decision to return the funds to [the defendant], and that

appeal remain[ed] pending."  <u>Id.</u>, Ex. B (Sept. 16, 2015 Ohio Court of Common Pleas Order) at 1

(capitalization removed).  However, once the Eleventh Circuit affirmed the Florida district

court's decision denying the plaintiff's motion to withdraw the $181,000, the Ohio Court of

Common Pleas granted the defendant's motion for leave to interplead the funds in that court. See Journal Entry, Luck, Civ. Action No. 14-828766 (Sept. 8, 2016) at 1.

Thereafter, on December 5, 2016, the Ohio Court of Common Pleas granted the "plaintiff's [ex-wife's] motion for summary judgment on her creditor's bill action," finding that she "has a valid lien on [the plaintiff's] judgment against [the defendant]." Def.'s Mot., Ex. D (Journal Entry, Luck, Civ. Action No. 14-828766 (Dec. 5, 2016) ("Dec. 5, 2016 Ohio Court of Common Pleas Order")) at 1 (capitalization removed). Accordingly, the Ohio Court of Common Pleas (1) "enjoined [the defendant] from paying [the plaintiff] pursuant to [the Florida district court] judgment against it until [the] plaintiff's [ex-wife's] judgment against [the plaintiff] is satisfied," (2) "enjoined [the plaintiff] from receiving payment from [the defendant] pursuant to [the Florida district court] judgment against it until [the] plaintiff's [ex-wife's] judgment against [the plaintiff] is satisfied," and (3) ordered the defendant to "instead pay all money due and owing to [the plaintiff] pursuant to [the Florida district court] judgment against it[,] to [the] plaintiff's [ex-wife." Id., Ex. D (Dec. 5, 2016 Ohio Court of Common Pleas Order) at 1 (capitalization removed). On January 4, 2017, the plaintiff appealed the Ohio Court of Common Pleas' December 5, 2016 Order to the Court of Appeals of Ohio, see Notice of Appeal, Luck, Civ. Action No. 14-828766 (Jan. 4, 2017), which affirmed the Ohio Court of Common Pleas' decision granting summary judgment for the plaintiff's ex-wife, see Luck v. Klayman, No. 105239, 2017 WL 4711864, at *1 (Ohio Ct. App. Oct. 19, 2017). The Supreme Court of Ohio declined to review the plaintiff's appeal of the Court of Appeals of Ohio's decision, see Luck v. Klayman, 97 N.E.3d 500 (Table) (Ohio 2018), and the United States Supreme Court denied the plaintiff's petition for writ of certiorari, see Klayman v. Luck, __ U.S. __, 139 S. Ct. 378 (2018).

While the plaintiff appealed the Ohio Court of Common Pleas' December 5, 2016 Order, the defendant deposited the $181,000 into the registry of the Ohio Court of Common Pleas, <u>see</u> Def.'s Mot., Ex. E (Receipt from Cuyahoga County Clerk of Courts (Jan. 27, 2017)) at 1, and filed a supplemental motion for summary judgment in the Ohio Court of Common Pleas, <u>see</u> Journal Entry, <u>Luck</u>, Civ. Action No. 14-828766 (Apr. 4, 2017) ("Apr. 4, 2017 Ohio Court of Common Pleas Order") at 1.  The Ohio Court of Common Pleas granted the defendant's supplemental motion for summary judgment, concluding that the defendant "ha[d] [] satisfied its duties with respect to the payment of [the Florida district court] judgment against [the defendant], and there remain[ed] no valid claims against [the defendant]."  <u>Id.</u> (capitalization removed).  The plaintiff did not appeal this order.

On June 21, 2018, the Ohio Court of Common Pleas ordered that the "Clerk of [the] Court . . . disburse the . . . $181,000[] . . . to . . . [the plaintiff's ex-wife]."  Journal Entry, <u>Luck</u>, Civ. Action No. 14-828766 (June 21, 2018) at 1 (capitalization removed).  Accordingly, the Clerk of the Court disbursed the $181,000 on June 25, 2018.  <u>See</u> Journal Entry, <u>Luck</u>, Civ. Action No. 14-828766 (June 27, 2018).  The plaintiff appealed the June 21, 2018 Ohio Court of Common Pleas Order on two occasions, <u>see</u> Def.'s Mot., Ex. H (Notice of Appeal, <u>Luck</u>, Civ. Action No. 14-828766 (June 22, 2018)) at 1; Notice of Appeal, <u>Luck</u>, Civ. Action No. 14-828766 (Aug. 23, 2018), but his appeals were dismissed <u>sua sponte</u>, <u>see</u> Journal Entry, <u>Luck</u>, Civ. Action No. 14-828766 (June 27, 2018) (dismissing appeal as moot because the plaintiff "did not receive a stay of the trial court's judgment entry ordering the disbursement of the funds" and "the disbursement occurred on June 25, 2018"); Journal Entry, <u>Luck</u>, Civ. Action No. 14-828766 (Aug. 31, 2018) (dismissing appeal "for lack of a final appealable order" because the "30[-]day time to appeal [the June 21, 2018 Ohio Court of Common Pleas] [O]rder ha[d] expired").

Thereafter, in response to the plaintiff's filing of an "Order to Show Cause for [the Plaintiff's Ex-Wife to Redeposit Funds Into th[e] [Ohio Court of Common Pleas'] Registry," the plaintiff's ex-wife filed a motion to strike the plaintiff's filing.  Motion to Strike, Luck, Civ. Action No. 14-828766 (July 12, 2018).  The plaintiff filed an opposition to the motion to strike, claiming that "the [Internal Revenue Service] ('IRS') holds priority liens over the [Florida district court judgment] funds."  Def.'s Reply, Ex. A (Larry Klayman's Opposition to Plaintiff's Motion to Strike, Luck, Civ. Action No. 14-828766 (Aug. 14, 2018)) at 1.  The Ohio Court of Common Pleas granted the plaintiff's ex-wife's motion to strike on August 14, 2018.  See id., Ex. C (Journal Entry, Luck, Civ. Action No. 14-828766 (Aug. 14, 2018) ("Aug. 14, 2018 Ohio Court of Common Pleas Order")) at 1.  The plaintiff filed a motion for reconsideration, requesting that the Ohio Court of Common Pleas reconsider its August 14, 2018 Order, claiming once again that "there are [IRS] priority liens on the [Florida district court judgment] funds."  Id., Ex. B (Larry Klayman's Motion for Reconsideration of Order of August 14, 2018) at 2.  The Ohio Court of Common Pleas denied the plaintiff's motion for reconsideration on August 23, 2018.  See id., Ex. D (Journal Entry, Luck, Civ. Action No. 14-828766 (Aug. 23, 2018) ("Aug. 23, 2018 Ohio Court of Common Pleas Order")) at 1.

On October 17, 2018, the Ohio Court of Common Pleas action was "removed from the court's active docket."  Journal Entry, Luck, Civ. Action No. 14-828766 (Oct. 17, 2018) at 1 (capitalization removed).  And, on November 16, 2018, the defendant filed in this Court its motion to dismiss the plaintiff's writs of execution pursuant to Federal Rule of Civil Procedure 60.[4]  See Def.'s Mot. at 1.  This motion is the subject of this Order.

---

[4] The defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12 on res judicata grounds.  See Def.'s Mot. at 1, 7–8.  Because the Court relieves the defendant from the Florida district court judgment pursuant to Rule 60(b)(5), it need not address whether the plaintiff's writs of execution are barred by res judicata.

## II.    DISCUSSION

Under Rule 60(b)(5) of the Federal Rules of Civil Procedure, "the court may relieve a

party . . . from a final judgment[] . . . [if] the judgment has been satisfied."  Fed. R. Civ. P.

60(b)(5).  This provision "has been relied on very rarely," 11 Charles Alan Wright & Arthur R.

Miller, <u>Federal Practice and Procedure</u> § 2863 (3d ed. 2019), <u>see</u> <u>In re Jacobs</u>, No. 05-19032,

2008 WL 4369273, at *3 (Bankr. D. Kan. Sept. 22, 2008) ("Cases that interpret the 'satisfied,

released or discharged' language are few and far between."), but a motion for relief from a

judgment under this provision of Rule 60(b) "is a fairly straightforward proposition" because,

"[i]n most instances, the only question is whether the judgment from which relief is sought has,

indeed, been satisfied," 12 James Wm. Moore, <u>Moore's Federal Practice</u> § 60.45 (3d ed. 2009);

<u>see</u> <u>Brown v. Brockett</u>, Misc. Action No. 17-2931, 2018 WL 3625341, at *4 (E.D.N.Y. July 6,

2018) ("There is no additional familiarity required with the underlying bankruptcy or civil

litigation to determine whether [a] [ ] [j]udgment has been satisfied."); <u>In re Jacobs</u>, 2008 WL

4369273, at *3 ("Most of the cases where relief was granted based on satisfaction of the

judgment involved monetary judgments or conditional injunctions.  This makes sense since it is

usually fairly easy to discern whether payment or a certain condition has been met.").  A party

must seek relief from a final judgment pursuant to Rule 60(b)(5) "within a reasonable time" after

entry of the final judgment.  Fed R. Civ. P. 60(c).  And, district judges are "vested with a large

measure of discretion in deciding whether to grant a Rule 60(b) motion."  <u>Twelve John Does v.

District of Columbia</u>, 841 F.2d 1133, 1138 (D.C. Cir. 1988).

The defendant argues that it is entitled to relief under Rule 60(b)(5) because "the

judgment was paid and satisfied on January 27, 2017" in the proceedings before the Ohio Court

of Common Pleas.  Def.'s Mot. at 7.  The Court agrees.  Based on the record before the Court, it

is clear that the Florida district court judgment has been satisfied.  On April 4, 2017, the Ohio

Court of Common Pleas held that the defendant "has [] satisfied its duties with respect to the

payment of [the Florida district court] judgment against [the defendant], and there remain no

valid claims against [the defendant]."  Apr. 4, 2017 Ohio Court of Common Pleas Order at 1

(capitalization removed).  And, at this point, the Ohio Court of Common Pleas' ruling is final

because the plaintiff never appealed it and because the plaintiff's appeals of other orders in the

Ohio Court of Common Pleas action were unsuccessful.  See Klayman v. Luck, __ U.S. __, 139

S. Ct. 378 (2018) (denying the plaintiff's petition for writ of certiorari); Luck v. Klayman, 97

N.E.3d 500 (Table) (Ohio 2018) (declining to review the plaintiff's appeal of the Court of

Appeals of Ohio's decision); Luck v. Klayman, No. 105239, 2017 WL 4711864 (Ohio Ct. App.

Oct. 19, 2017) (affirming the Ohio Court of Common Pleas' decision granting summary

judgment for the plaintiff's ex-wife); Journal Entry, Luck, Civ. Action No. 14-828766 (Aug. 31,

2018) (dismissing the plaintiff's appeal as moot); Journal Entry, Luck, Civ. Action No. 14-

828766 (June 27, 2018) (dismissing the plaintiff's appeal "for lack of a final appealable order").

Therefore, the Court concludes that it must relieve the defendant from the Florida district court

judgment because the defendant satisfied the judgment by depositing the funds into the Ohio

Court of Common Pleas' registry.  See Apr. 4, 2017 Ohio Court of Common Pleas Order at 1.

 The plaintiff's counterarguments are unavailing.  The plaintiff argues because "state and

federal court systems are independent of each other," this Court should "exercise its independent

jurisdiction and order that [the defendant] comply with [the plaintiff's] valid writs of execution."

Pl.'s Opp'n at 3–4.  However, since "the [Ohio Court of Common Pleas] adjudication is

complete," the "[d]isposition of [this] federal action[] . . . [is] governed by preclusion law,"

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("In parallel litigation,

a federal court may be bound to recognize the . . . issue-preclusive effects of a state-court

judgment."), and this Court must "give the same preclusive effect to [the Ohio Court of Common

Pleas] state-court judgment as another court of [] [Ohio] would give," id. (citation omitted); see

28 U.S.C. § 1738 (2018) ("[State] judicial proceedings . . . shall have the same full faith and

credit in every court within the United States . . . as they have by law or usage in the courts of

such State[] . . . from which they are taken.").[5]

In Ohio, under the doctrine of issue preclusion, "a fact or a point that was actually and

directly at issue in a previous action[] and was passed upon and determined by a court of

competent jurisdiction, may not be drawn into question in a subsequent action between the same

parties or their privies, whether the cause of action in the two actions be identical or different."

Ft. Frye Teachers Ass'n v. State Emp. Relations Bd., 692 N.E.2d 140, 144 (Ohio 1998).[6]  All of

these requirements are satisfied here.  Because the Florida district court judgment funds "w[ere]

actually and directly at issue [before the Ohio Court of Common Pleas]," State ex rel. Davis v.

Pub. Emps. Ret. Bd., 899 N.E.2d 975, 982 (Ohio 2008); see Def.'s Mot., Ex. A (Creditor's Bill)

at 6 ("[The plaintiff's ex-wife] prays that . . . the funds due on the [Florida district court]

[j]udgment against [the defendant] [] be applied to [the plaintiff's ex-wife's] [j]udgment against

[the plaintiff]."), because the entitlement to and the satisfaction and disbursement of such funds

"w[ere] passed upon and determined [by that court]," id.; see Def.'s Mot., Ex. D (Dec. 5, 2016

Ohio Court of Common Pleas Order) at 1 (finding that the plaintiff's ex-wife "has a valid lien on

---

[5] "Since the doctrine of collateral estoppel, like res judicata, belongs to courts as well as to litigants, sua sponte consideration is proper."  Burlington Res. Oil & Gas Co. v. U.S. Dep't of Interior, 21 F. Supp. 2d 1, 4 n.4 (D.D.C. 1998) (internal quotation marks and citation omitted); see Fenwick v. United States, 691 F. Supp. 2d 108, 116 (D.D.C. 2010).

[6] Ohio state law governs the Court's determination of whether to apply the doctrine of issue preclusion to the Ohio Court of Common Pleas' judgment.  See Metro. Wash. Airports Auth. Prof'l Firefighters Local 3217 v. Metro. Wash. Airports Auth., 159 F.3d 630, 633 n.2 (D.C. Cir. 1998).

[the plaintiff's] judgment against [the defendant]" (capitalization removed)); Apr. 4, 2017 Ohio

Court of Common Pleas Order at 1 (concluding that the defendant "ha[d] [] satisfied its duties

with respect to the payment of [the Florida district court] judgment against [the defendant], and

there remain[ed] no valid claims against [the defendant]" (capitalization removed)); Journal

Entry, <u>Luck</u>, Civ. Action No. 14-828766 (June 21, 2018) at 1 (ordering the "Clerk of [the] Court

. . . disburse the . . . $181,000[] . . . to . . . [the plaintiff's ex-wife]" (capitalization removed));

Journal Entry, <u>Luck</u>, Civ. Action No. 14-828766 (June 27, 2018) ("[T]he disbursement of the

funds occurred on June 25, 2018."), and because the plaintiff was a party in the Ohio Court of

Common Pleas action, <u>see</u> <u>State ex rel. Davis</u>, 899 N.E.2d at 982; <u>see</u> Def.'s Mot., Ex. A

(Creditor's Bill) at 3, this Court concludes that the plaintiff is precluded from relitigating the

entitlement to and the satisfaction and disbursement of the Florida district court judgment funds,

<u>see</u> <u>State ex rel. Davis</u>, 899 N.E.2d at 982 ("[T]he collateral estoppel aspect precludes the

relitigation, in a second action, of an issue that had been actually and necessarily litigated and

determined in a prior action that was based on a different cause of action." (quoting <u>Ft. Frye</u>

<u>Teachers Ass'n</u>, 692 N.E.2d at 144)).  And, although the plaintiff argues that the Florida district

court judgment "has not been properly satisfied because the Ohio [] Court[] [of Common Pleas']

order was premature given the existence of [a] priority [Internal Revenue Service] lien that takes

precedence over any claim that [the plaintiff's ex-wife] may have had to the [Florida district

court judgment]," and therefore, must "be paid to the IRS, pursuant to its priority lien," Pl.'s

Opp'n at 2–4, the plaintiff previously raised this argument twice before the Ohio Court of

Common Pleas in his opposition to his ex-wife's motion to strike, <u>see</u> Def.'s Reply, Ex. A (Larry

Klayman's Opposition to Plaintiff's Motion to Strike, <u>Luck</u>, Civ. Action No. 14-828766 (Aug.

14, 2018)) at 1 (claiming that "the [Internal Revenue Service ('IRS')] holds priority liens over

the [Florida district court judgment] funds"), and in his motion for reconsideration, see id., Ex. B

(Larry Klayman's Motion for Reconsideration of Order of August 14, 2018) at 2 (claiming that

"there are [IRS] priority liens on the [Florida district court judgment] funds"), and on both

occasions, the Ohio Court of Common Pleas rejected his argument, see id., Ex. C (Aug. 14, 2018

Ohio Court of Common Pleas Order) at 1; id., Ex. D (Aug. 23, 2018 Ohio Court of Common

Pleas Order) at 1.  Therefore, issue preclusion bars this Court's reconsideration of the plaintiff's

argument regarding the purported IRS priority lien.

Thus, because the defendant has satisfied the Florida district court judgment by

depositing the funds into that court's registry and because these funds have now been dispersed

to the plaintiff's ex-wife, this Court must deem the Florida district court judgment satisfied.

Accordingly, it is hereby

**ORDERED** that the Defendant Judicial Watch, Inc.'s Motion to Dismiss Writ of

Execution and Statement of Points and Authorities in Support, ECF No. 27, is **GRANTED**.  It is

further

**ORDERED** that the Florida district court judgment is **DISCHARGED**.  It is further

**ORDERED** that the plaintiff's writs of execution are **DISMISSED**.  It is further

**ORDERED** that the status conference currently scheduled for May 10, 2019, is

**VACATED**.  It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 8th day of May, 2019.

REGGIE B. WALTON
United States District Judge